1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

LARRY E. TARRER,

CASE NO.  C10-5154BHS

13

Petitioner,

REPORT AND
RECOMMENDATION

14

v.

15

BUREAU OF PRISONS,

Noted for April 9, 2010

16

Respondent.

17

18    The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has

19    been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §

20    636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4.

21    Petitioner in this case is currently confined at the Pierce County Jail.  Petitioner has filed

22    this petition pursuant to 28 U.S.C. § 2241, challenging four drug related convictions arising out

23    of the U.S. District Court.  *See* C07-5346RBL (petitioner pled guilty to four felony drug crimes

24    and was sentenced to 120 months of confinement in prison).  Petitioner alleges that § 2241 is

25

26    appropriate because remedies sought pursuant to 28 U.S.C. § 2255 would be inadequate,

REPORT AND
RECOMMENDATION - 1

1  ineffective, and not available.   This court disagrees, and recommends denial of the § 2241

2  petition for writ of habeas corpus

3  ## DISCUSSION

4  ### *PETITIONER'S REMEDY LIES IN A MOTION BROUGHT PURSUANT TO § 2255, NOT § 2241.*

5      28 U.S.C. § 2255 states, in relevant part:

6  A prisoner in custody under sentence of a court established by Act of Congress
   claiming the right to be released upon the ground that the sentence was imposed in
7  violation of the Constitution or laws of the United States, or that the court was
   without jurisdiction to impose such sentence, or that the sentences was in excess of
8  the maximum authorized by law, or is otherwise subject to collateral attack, may
   move the court which impose the sentence to vacate, set aside or correct the
9  sentence.

10     [Omitted]

11 An application for a writ of habeas corpus in behalf of a prisoner who is authorized
   to apply for relief by motion pursuant to this section, shall not be entertained if it
12 appears that the applicant has failed to apply for relief, by motion, to the court which
   sentenced him, or that such court has denied him relief, unless it also appears that the
13 remedy by motion is inadequate or ineffective to test the legality of his detention.

14     Here, on or about May 22, 2007, petitioner was arrested and charged, along with three

15 other co-defendants, with several counts of criminal drug possession and trafficking.  The matter

16 was assigned to the Honorable Ronald B. Leighton.  In May 13, 2008, petitioner entered into a

17 plea agreement with the government in exchange for a guilty plea on three counts of possession

18

19 of control substances and one count of conspiracy to distribute an illegal substance.  Petitioner

20 was subsequently sentenced by Judge Leighton to 120 months in prison and to five years of

21 supervised release.

22     Petitioner appealed his sentence.  On January 25, 2010, the Ninth Circuit affirmed Judge

23 Leighton's sentence, finding that a two-level upward adjustment under United States Sentencing

24

25 Guidelines Manual ("USSG") § 2D1.1(b)(1) for possession of a firearm was applicable and that

26 petitioner was ineligible for safety valve relief under USSG § 5C1.2 because he had possessed a

firearm in connection with the offense.

REPORT AND
RECOMMENDATION - 2

1    Other than the instant petition, petitioner has not filed a § 2255 motion or other collateral

2    attack on his conviction or sentence.  In the instant petition, Mr. Tarrer claims ineffective

3    assistance of counsel, involuntary and unintelligent guilty plea, and violation of <u>Apprendi</u>.  *See*

4
     <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)(the Supreme Court held that any fact, other
5
     than a prior conviction, that increases the prescribed statutory maximum penalty to which a
6
7    defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt).  Each

8    of these arguments must be properly brought in a § 2255 motion -- not a § 2241 petition.

9    Petitioner states he believes a § 2255 motion would be inadequate or ineffective because

10   he believes Judge Leighton would be biased in his review of the matter.  A mere belief of bias is

11   inadequate to obviate the requirement that his claims be presented to the sentencing court.  To

12   demonstrate bias, petitioner must show that the sentencing judge holds a prejudice or has

13   previously demonstrated a bias against him.  The allegation of bias is more appropriately brought
14
     in a motion for recusal or disqualification in a properly filed § 2255 motion.   Until and unless
15
16   petitioner demonstrates that a § 2255 motion is unavailable for some reason, then he may not

17   proceed with a § 2241 petition.

18   Accordingly, the undersigned finds no basis to entertain the instant petition.  *See also*

19
     <u>Tripati v. Henman</u>, 843 F.2d 1160, 1163 (9th Cir.1988) (stating that alleged judicial bias does not
20
21   demonstrate inadequacy where recusal or disqualification remedies are available).  The court

22   should deny the petition.  To present his claims, he is required to present them in a motion to the

23   Honorable Ronald B. Leighton pursuant to 28 U.S.C § 2255

24                                              **CONCLUSION**

25   This petition is without merit.  This petition should be DENIED, and petitioner's claims

26   and causes of action DISMISSED.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the

REPORT AND
RECOMMENDATION - 3

1   Federal Rules of Civil procedure, the parties shall have fourteen (14) days from service of this

2   Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result

3   in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).

4   Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the

5   matter for consideration on April 9, 2010, as noted in the caption.

6          Dated this 15th day of March, 2010.

7

8

9

10                                              J. Richard Creatura
                                                United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND
RECOMMENDATION - 4